Case 2:22-cv-00206   Document 21   Filed on 11/16/22 in TXSD   Page 1 of 11

United States District Court
Southern District of Texas
**ENTERED**
November 17, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| RYANT CONNELLY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:22-CV-00206 |
| | § | |
| FBI CC DIVISION, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Plaintiff Ryant Connelly, a prisoner appearing *pro se* and *in forma pauperis*, has filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983, which the Court construes as a *Bivens* action.[1] Plaintiff's case is subject to screening pursuant to the Prison Litigation Reform Act. *See* 42 U.S.C. § 1997e(c);[2] 28 U.S.C. §§ 1915(e)(2), 1915A. For purposes of screening and pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1), the undersigned recommends that Plaintiff's lawsuit be **DISMISSED with prejudice** because Plaintiff fails to state any claims upon which relief may be granted. The undersigned further recommends that the dismissal of this case count as a "strike" against Plaintiff for purposes of 28 U.S.C. § 1915(g).[3]

---

[1] *See Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971).

[2] Under this provision, "[i]n the event that a claim is, on its face, frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief, the court may dismiss the underlying claim without first requiring the exhaustion of administrative remedies." 42 U.S.C. § 1997e(c)(2).

[3] Plaintiff is **WARNED** that if he accumulates three strikes, he will not be allowed to proceed *in forma pauperis* in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious injury. *See* 28 U.S.C. § 1915(g).

### A. Jurisdiction.

The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331. This case has been referred to the undersigned magistrate judge for case management and making recommendations on dispositive motions pursuant to 28 U.S.C. § 636.

### B. Procedural background and Plaintiff's allegations.

Plaintiff is a state prisoner currently housed in the Texas Department of Criminal Justice's Cotulla Unit in Cotulla, La Salle County, Texas. This facility lies within the Laredo Division of the Southern District of Texas. 28 U.S.C. § 124(b)(3). The alleged events which Plaintiff describes as the basis for his current action occurred in Corpus Christi, Nueces County, Texas, which is within the Corpus Christi Division of the Southern District of Texas. *Id*. § 124(b)(6). Plaintiff is a post-trial detainee.

Plaintiff's underlying offense is an intoxication assault with a vehicle that resulted in serious bodily injury offense, for which Plaintiff was sentenced to ten years' imprisonment, probated for ten years of community supervision, on March 28, 2014.[4] On March 30, 2021, Plaintiff was charged with aggravated perjury. *See* Nueces County Case Search, *supra* n.4. Plaintiff's community supervision in the intoxication assault case was revoked in September 2021 based (in part) on Plaintiff's commission of aggravated perjury. *Id*. The court exercised its discretion at that time to reduce Plaintiff's sentence to six years' imprisonment. *Id*. Plaintiff appealed that revocation, and that appeal is still pending in Texas state court.[5] On July 5, 2022,

---

[4] *See* Nueces County Case Search, *Case No. CR13004001-B*, https://portal-txnueces.tylertech.cloud/PublicAccess/CaseDetail.aspx?CaseID=1911272 (last visited Nov. 16, 2022).

[5] *See State v. Connelly*, No. 13-21000354-CR, summary available at https://search.txcourts.gov/Case.aspx?cn=13-21-00354-CR&coa=coa13 (last visited Nov. 16, 2022).

Plaintiff was considered but rejected for parole because of his criminal history, excessive substance use, and prior unsuccessful periods of supervision.[6] On July 7, 2022, Plaintiff was sentenced to three years' imprisonment for the aggravated perjury charge in Nueces County in case number 21FC-1636B.[7] Plaintiff attempted to appeal that judgment, but his appeal was dismissed for lack of jurisdiction because Plaintiff had no right to appeal. *See Connelly v. State*, No. 13-22-00378-CR (Tex. Ct. App. – Edinburg, Sept. 15, 2022).

On October 21, 2022, Plaintiff filed an amended complaint in this action.[8] (Doc. No. 16.) Liberally construed,[9] Plaintiff alleges that the Federal Bureau of Investigation (FBI) and the United States Attorney's Office (together, the "Defendants") used him as an informant to investigate Richard Conlon, during which time Plaintiff engaged in conduct which ultimately resulted in the revocation of Plaintiff's appellate bond in his intoxication assault case. Plaintiff claims Defendants approached Plaintiff to ask him to gather information about Conlon, whom Plaintiff alleges was Plaintiff's business partner at the time. (Doc. No. 16, p. 4.) Plaintiff states that he agreed to help Defendants, even though Defendants supposedly knew that Plaintiff was on bond at the time. *Id*. According to Plaintiff, Conlon owned a strip club and game rooms. *Id*. To gather information for Defendants, Plaintiff alleges that he "had to take a narcotic with

---

[6] Texas Department of Criminal Justice, *Parole Review Information: Ryant Connelly*, https://inmate.tdcj.texas.gov/InmateSearch/reviewDetail.action?sid=08986818&tdcj=02408816&fullName=CONNELLY%2CRYANT (last visited Nov. 11, 2022).

[7] *See* Texas Department of Criminal Justice, *Inmate Information Details: Ryant Connelly*, https://inmate.tdcj.texas.gov/InmateSearch/viewDetail.action?sid=08986818 (last visited Nov. 15, 2022).

[8] Plaintiff's amended complaint (Doc. No. 16) supersedes his original complaint (Doc. No. 1). *See Amegy Bank Nat. Ass'n v. Monarch Flight II, LLC*, 870 F. Supp. 2d 441, 449 (S.D. Tex. 2012) ("An amended complaint supersedes and replates an original complaint, unless the amendment specifically refers to or adopts the earlier pleading." (internal quotation marks and citation omitted)).

[9] *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).

Richard and his vendor for the games." *Id*. (cleaned up). Plaintiff asserts: "This caused me to get my appeal bond revoked and now I'm in prison." *Id*.

Plaintiff requests that the Court order Defendants to inform the state court judge in Plaintiff's intoxication assault case that Plaintiff "didn't do anything wrong" and explain that Plaintiff was helping the federal government, so that Plaintiff can have an opportunity to get his appellate bond reinstated. (Doc. No. 16, p. 4.)

No process has been issued in this case. The undersigned is satisfied that Plaintiff has pled his best case. The case is now ripe for screening.

### C. *Legal standard for screening.*

When a prisoner seeks to proceed *in forma pauperis*, the court shall evaluate the complaint and dismiss it without service of process if the court finds the complaint frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A; *see* 28 U.S.C. § 1915(e)(2)(B) (providing that a court shall review an *in forma pauperis* complaint as soon as practicable and dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from an immune defendant). A claim is frivolous if it has no arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim has no arguable basis in law if it is based on an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998) (citing *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997)). A claim has no arguable basis in fact if, "after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998) (citing *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992)).

"In analyzing the complaint, [the court] will accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999) (*per curiam*) (citations omitted). "The issue is not whether the plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim. Thus, "the court should not dismiss the claim unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the complaint." *Id.* (citing *Vander Zee v. Reno*, 73 F.3d 1365, 1368 (5th Cir. 1996)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must allege sufficient facts in support of its legal conclusions that give rise to a reasonable inference that the defendant is liable for the misconduct alleged. *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). The factual allegations must raise the plaintiff's claim for relief above the level of mere speculation. *Twombly*, 550 U.S. at 555. As long as the complaint, taken as a whole, gives rise to a plausible inference of actionable conduct, the plaintiff's claim should not be dismissed. *Id.* Further, as Plaintiff proceeds *pro se*, the Court construes his complaint liberally in his favor. *See Oliver v. Scott*, 276 F.3d 736, 740 (5th Cir. 2002) (citing *Haines*, 404 U.S. at 520).

### D. Discussion: Plaintiff's claims should be dismissed because he fails to state a cause of action upon which relief may be granted.

Plaintiff brings his claims under 42 U.S.C. § 1983. Section 1983 provides a vehicle for redressing the violation of federal law by those acting under color of state law. *Nelson v. Campbell*, 541 U.S. 637, 643 (2004). To prevail on a § 1983 claim, a plaintiff must prove that a person acting under the color of state law deprived him or her of a right secured by the

Constitution or laws of the United States.  42 U.S.C. § 1983; *West v. Atkins,* 487 U.S. 42, 48 (1988).

A *Bivens* action is the counterpart to § 1983.  It extends the protections afforded by § 1983 to parties injured by federal actors, who are not liable under § 1983.  *See Gonzalez v. U.S. Border Patrol*, No. H-19-1650, 2019 WL 9851631, at *2 (S.D. Tex. Nov. 13, 2019) (Werlein, J.) (citing *Abate v. S. Pac. Transp. Co.*, 993 F.2d 107, 110 n.14 (5th Cir. 1993)); *Carlson v. Green,* 446 U.S. 14, 18 (1980)).  As in a § 1983 claim, to prevail on a *Bivens* action, a plaintiff must prove that a federal agent has deprived him or her of a right secured by the Constitution or laws of the United States.  *See Strouse v. United States Probation*, No. 4:21-cv-01183-O-BP, 2022 WL 3086794, at *2 (N.D. Tex. Aug. 16, 2022), *adopted*, 2022 WL 4084432 (N.D. Tex. Sept. 6, 2022).  Because Plaintiff is suing federal actors and not anyone acting under color of state law, the Court construes Plaintiff's allegations as a *Bivens* action.  *See Haines*, 404 U.S. at 520; *Romero v. Stewart*, No. 2:21-CV-00172, 2022 WL 3162351, at *1 (S.D. Tex. July 5, 2022) (Libby, M.J.), *adopted*, 2022 WL 3156219 (S.D. Tex. Aug. 8, 2022) (Ramos, J.).

Plaintiff's *Bivens* action is barred for two reasons.  First, Plaintiff brings this *Bivens* action against improper defendants.  Second, Plaintiff has not alleged any facts demonstrating any violation of his constitutional rights.

Plaintiff's sole complaint is that Defendants "caused his bond to be revoked" and now seeks relief in the form of an order by the Court to command Defendants to explain to the state court judge that Plaintiff "did not do anything wrong" and that he was helping the federal government.  *See* Doc. No. 16, pp. 3-4.

> ***1. Plaintiff cannot bring a* Bivens *action against agencies. Only individuals, in their individual capacities, can be the subject of a* Bivens *action.***

Plaintiff has brought this action against improper defendants. A *Bivens* action is only available against government officers in their individual capacities. *See Enplanar, Inc. v. Marsh*, 11 F.3d 1284, 1294 n.12 (5th Cir. 1994) (citing *Williamson v. U.S. Dep't of Agric.,* 815 F.2d 368, 380 (5th Cir. 1987) (a *Bivens* action "only applies against the individual appellees in their individual capacities")). Further, "[t]he United States cannot be sued without its express consent, and express consent is a prerequisite to a suit against the United States." *Fragoso v. Immigr. & Customs Enforcement*, No. CA 5:13-2548-TMC, 2013 WL 5934553, at *3 (D.S.C. Nov. 4, 2013) (citing *United States v. Mitchell,* 463 U.S. 206, 212 (1983)). The United States has not consented in this context. *Id*. (noting that the United States has only consented to suit under the Federal Tort Claims Act).

In addition, the FBI and the United States Attorney's Office are agencies of the United States government; thus, they are "entitled to sovereign immunity from most types of civil actions." *See id*. at *3. Also, in *F.D.I.C. v. Meyer,* 510 U.S. 471, 486 (1994), the Supreme Court held that federal agencies are not proper defendants to a *Bivens* action. Here, Plaintiff does not sue any officers in their individual capacities. Rather, he sues two agencies of the United States government that are entitled to sovereign immunity. Because Plaintiff has not named any proper defendants, Plaintiff has failed to state a claim upon which relief may be granted.[10]

---

[10] The undersigned also notes that even if Defendants were ordered to explain to the state court judge that Plaintiff "did not do anything wrong" and was helping the government, such explanation may not result in Plaintiff being granted bond, because the State is the ultimate decisionmaker on matters of parole and bond, not the FBI or the United States Attorney's Office. *See*, *e.g.*, *Gonzalez v. Quarterman*, No. 4:07-CV-478-A, 2008 WL 3413136, at *2 (N.D. Tex. Aug. 11, 2008) (citing *Madison*, 104 F.3d at 767) ("[P]arole is within the total and unfettered discretion of the State."). Additionally, even accepting Plaintiff's claim that he was working for Defendants when he took drugs, Plaintiff does not allege that he had authorization from Defendants to do so; at most his allegation can be stretched only to a claim that he believed it was necessary to take the drugs as part of his alleged investigatory

### *2. Plaintiff fails to allege any violation of his constitutional rights.*

Regardless of who is named as a defendant, Plaintiff's action also fails because he has not alleged any violation of his constitutional rights. He appears in this action to seek assistance from two federal offices in providing an explanation to a state court regarding Plaintiff's misconduct. He does not allege that either of those offices (or any of their employees) violated his constitutional rights.

Even reading Plaintiff's allegations liberally, the undersigned finds that no constitutional right has been abridged. Plaintiff seeks the opportunity for bond and believes that his appellate bond was revoked because of conduct he committed while allegedly serving as a federal government source. But Plaintiff has no constitutional right to bond. Plaintiff was on a state bond pending appeal. (Doc. No. 16, pp. 3, 4.) "There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979). Because Plaintiff has no constitutional right to bond pending appeal, his claim here cannot support a *Bivens* action.

Nor is there any constitutional expectancy of parole. *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997) (citing *Creel v. Keene*, 928 F.2d 707 (5th Cir. 1991)). Thus, Texas parole statutes do not confer a liberty interest in parole that is protected by Fourteenth Amendment due process rights. *See Orellana v. Kyle,* 65 F.3d 29, 32 (5th Cir. 1995) ("[B]ecause [the plaintiff] has no liberty interest in obtaining parole in Texas, he cannot complain of the constitutionality of

---

mission. *See* Doc. No. 16, p. 4 ("In obtaining info I had to take a narcotic w/Richard and his vendor for the games. This caused me to get my appeal bond revoked…."). The absence of any allegation of permission cuts against Plaintiff's claim that he did nothing wrong and that he should not have been subjected to revocation of his appeal bond.

8 / 11

procedural devices attendant to parole decisions."). In sum, Plaintiff has no constitutional right to be released before the full completion of his sentence, so his assertions that Defendants caused his appellate bond to be revoked fall short of alleging a constitutional violation. *See id.* Therefore, Plaintiff cannot bring a viable *Bivens* action.[11]

Some inmates are entitled to early release under a mandatory supervised release program,[12] and the Fifth Circuit has determined that prisoners have a constitutional expectation of early release under such programs, thus creating a liberty interest with respect to their good time. *Teague v. Quarterman*, 482 F.3d 769, 775-76 (5th Cir. 2007) (citing *Madison*, 104 F.3d at 769; *Malchi v. Thaler*, 211 F.3d 953, 957-58 (5th Cir. 2000)). There is such a "mandatory supervision" program in Texas, *see* Tex. Gov't Code § 508.147, but Plaintiff is not eligible for that program. In Texas, prisoners may not be released to "mandatory supervision" if a parole panel determines that "(1) the inmate's accrued good conduct time is not an accurate reflection of the inmate's potential for rehabilitation; and (2) the inmate's release would endanger the public." Tex. Gov't Code Ann. § 508.149(b) (West). This determination is not subject to judicial review. *Id.* at § 508.149(d). Here, Plaintiff was last denied parole on July 5, 2022, because of Plaintiff's criminal history, his excessive substance use, and his prior unsuccessful periods of supervision.[13] Therefore, despite the existence of a mandatory supervised release

---

[11] The granting (or revival) of an appellate bond would not necessarily allow Plaintiff to go free in any event. Plaintiff has been convicted and sentenced in his aggravated perjury case, and his appeal of that conviction was dismissed. He is now incarcerated for that offense also, and thus would have no right to be freed on bond pending the appeal of the revocation of his community supervision in his intoxication assault case.

[12] "Mandatory supervision is the release of an eligible prisoner … so that the prisoner may serve the remainder of his sentence not on parole, but under the supervision and control of the pardons and paroles division." *Malchi v. Thaler,* 211 F.3d 953, 957 (5th Cir. 2000) (quoting *Madison*, 104 F.3d at 768) (internal quotation marks omitted).

[13] *See Parole Review Information: Ryant Connelly*, *supra* n.6. Plaintiff's next parole review will occur in July 2023. *See id.*

program in Texas, the evidence in this case indicates that Plaintiff himself is not entitled to release under any such program.

### E.  Recommendation.

Plaintiff has not alleged any violation of his constitutional rights, committed by any proper defendant, as is required to bring a *Bivens* action.  Thus, the undersigned recommends that Plaintiff's allegations against Defendants be DISMISSED with prejudice for failure to state a claim upon which relief may be granted.

The undersigned further recommends that this dismissal count as a "strike" against Plaintiff for purposes of 28 U.S.C. § 1915(g), and that the Clerk of Court be instructed to send notice of this dismissal to the Manager of the Three Strikes List for the Southern District of Texas at Three_Strikes@txs.uscourts.gov.

### F.  Notice.

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within 14 days after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), and General Order No. 2002-13, United States District Court for the Southern District of Texas.

A failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on

appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).

      SIGNED on November 16, 2022.

                                                 MITCHEL NEUROCK
                                                 United States Magistrate Judge